**UNITED STATES of America**

v.

**Ralph Demetrius FERGUSON.**

**Crim. No. 91–605–01.**

United States District Court, District of Columbia.

March 27, 1992.

Thomas J. Motley, Asst. U.S. Atty., Washington, D.C., for U.S.

Robert E. Sanders, Washington, D.C., for defendant Ferguson.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In an indictment filed October 24, 1991, defendant Ralph Ferguson was charged with a number of counts relating to his theft from the State Department mail room of a number of guns. Counts 3 through 11 charge the defendant with receipt and possession of machineguns that had not been registered to him in the National Firearms Registration and Transfer Record, a violation of 26 U.S.C. § 5861(d). Defendant moves to dismiss those counts on the ground that that provision has been rendered unconstitutional by a subsequent statute.

26 U.S.C. § 5861 was enacted as a revenue statute pursuant to Congress's taxing

---

power. *See Sonzinsky v. United States,* 300 U.S. 506, 513, 57 S.Ct. 554, 555–56, 81 L.Ed. 772 (1937). It requires firearms to be registered so that taxes may be assessed on them. In that sense, the registration requirement is valid under the Constitution only because it is an integral part of Congress's revenue scheme. *See id.* In 1986, however, Congress in large part removed the revenue rationale for the registration requirement, at least as applied to machineguns, by enacting a subsequent statute, 18 U.S.C. § 922(*o*), that made it illegal, with certain exceptions, to possess a machinegun at all. Because possession of machineguns was no longer legal, the registration requirement was rendered meaningless, and no revenues could thereafter be derived from the registration of machineguns. To the extent section 922(*o*) applies, therefore, the registration requirement is now unconstitutional. *See United States v. Rock Island Armory, Inc.,* 773 F.Supp. 117, 126 (C.D.Ill.1991).

In the present case, however, the machineguns that are the subject of Counts 3 through 11 are not covered by section 922(*o*) because of that provision's grandfather clause. 18 U.S.C. § 922(*o*) provides:

> (1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

> (2) This subsection does not apply with respect to—

> > (A) ...

> > (B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before this subsection takes effect.

Under section 922(*o*)(2)(B), certain machineguns, namely, those that were lawfully possessed before enactment of the statute in 1986, may be legally possessed and transferred even today. Such guns have not been prohibited by section 922(*o*), and they are thus subject to the tax—and therefore the registration—requirements of section 5861(d).

The United States has indicated that it is prepared to prove that each of the guns that is the subject of Counts 3 through 11 of the indictment was lawfully possessed prior to 1986. If such proof is indeed adduced, those guns fall within the grandfather clause of section 922(*o*)(2)(B), and they are thus not banned by section 922(*o*)(1). Those guns must therefore be registered pursuant to section 5861(d); and indeed, at the time of the offense, were so registered to the Department of State. *See, e.g.,* Ex. 1 to Government's Opposition (copy of current registration of one of the guns to the State Department). Anyone receiving or possessing such a gun subsequently must also register it. If defendant has failed to register the guns in compliance with the statute, he is subject to potential criminal liability under section 5861(d).[1]

Defendant's motion is denied.

---

1. Because defendant has not received the guns lawfully, he also would be potentially liable under section 922(*o*). The statutory and Guidelines penalties for the two statutes are essentially the same. *See* 26 U.S.C. § 5871; 18 U.S.C. § 924(a)(2); U.S.S.G. § 2K2.1.